# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **RUSSELL DEAN RANKIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:06CV256CDP/MLM** |
| | ) | |
| **JIM MOORE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court pursuant to the Petition for Writ of Habeas Corpus filed by Petitioner Russell Dean Rankin ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 8. Petitioner filed a Traverse. Doc. 11. Petitioner is an inmate at the Northeast Correctional Center. Jim Moore as superintendent of that facility is the properly named Respondent. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 5.

## I.
## BACKGROUND

In Cause No. 03CR-2507, Petitioner was charged by Indictment dated June 25, 2003, as follows: Count I, assault in the first degree, in that on or about Friday, May 16, 2003, at approximately 3:58 p.m., at 5630 Leverette, in St. Louis County, Missouri, Petitioner shot at Donzell Johnson, and such conduct was a substantial step toward the commission of the crime of attempting to cause serious physical injury to Donzell Johnson and was done for the purpose of committing such

assault; Count II, armed criminal action, in that Petitioner committed the felony of assault in the first degree charged in Count I and that he knowingly committed this felony of assault in the first degree by, with and through the use, assistance and aid of a deadly weapon; Count III, assault in the first degree, in that on Friday May 16, 2003, at approximately 3:58 p.m., at 5630 Leverette, in St. Louis County, Petitioner shot at Delfine Stennis, and such conduct was a substantial step toward the commission of the crime of attempting to cause serious physical injury to Delfine Stennis and was done for the purpose of committing such assault; and Count IV, armed criminal action, in that Petitioner committed the felony of assault in the first degree charged in Count III and that he knowingly committed this felony of assault in the first degree by, with and through the use, assistance and aid of a deadly weapon. Resp. Ex. A at 6-8. In Cause No. 03CR-3181 Petitioner was charged by Indictment dated July 23, 2003, with two counts of the class B felony of Intent to Distribute a Controlled Substance. Resp. Ex. A at 11, 40.

At Petitioner's plea hearing on December 19, 2003, the prosecutor stated that if Petitioner's case went to trial in Cause No. 03CR-2507 the evidence would be as follows:

> In Count 1 the State's evidence would show beyond a reasonable doubt that on or about Friday, May 16, 2003, at approximately 3:58 p.m. at 5630 Leverette, in the County of St. Louis, State of Missouri, [Petitioner] shot at Donzell Johnson and such conduct was a substantial step towards the commission of the crime of attempting to cause serious physical injury to Donzell Johnson and was done for the purpose of committing such assault.

> In Count 3, the Assault First Degree, at the same date, time, and location, [Petitioner] shot at Delfine Stennis and such conduct was a substantial step towards the commission of the crime of attempting to cause serious physical injury to Delfine Stennis.

Resp. Ex. A at 12.

Also, on this same date in Cause No. 03CR-3181, the prosecutor stated that the evidence

would be as follows:

> On or about Thursday, March 6, 2003 at approximately 7:30 a.m. at 5631 Leverette Avenue in the county of St. Louis, State of Missouri, [Petitioner] with the intent to distribute, possessed cocaine base, a controlled substance, knowing of its presence and nature. And the lab analysis from St. Louis County lab would reveal the amount of that cocaine was .48 grams.

> In Count 2 the State's evidence would show beyond a reasonable doubt at the same date time and location, the defendant, with the intent to distribute possessed more than five grams of marijuana, a controlled substance, knowing of its presence and nature. And St. Louis County lab analysis would reveal the amount of that was 20.71 grams.

Resp. Ex. A at 12.

In response to the court's questioning, Petitioner stated that the evidence as read by the prosecutor with regard to both cases was true. Resp. Ex. A at 12.

In Cause No. 03CR-2507 Petitioner plead and was found guilty of Count I, the class B felony of assault in the first degree and of Count III, the class B felony of assault in the first degree.[1] Resp. Ex. A at 10. Petitioner also plead guilty to the two counts of intent to distribute a controlled substance in Cause No. 03CR-3181. Resp. Ex. A at 40. Petitioner was sentenced to concurrent sentences of six years on all counts. Resp. Ex. A at 23, 41.

On April 5, 2004, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Ex. A at 21-26. Appointed counsel then filed an amended motion under Rule 24.035 of the Missouri Rules of Criminal Procedure. Resp. Ex. A at 27-38. The State circuit court denied the motion without an evidentiary hearing. Resp. Ex. A at 40-47. Petitioner appealed and the Missouri Court of Appeals, Eastern District, affirmed the State circuit court's judgment. Resp. Ex.

---

[1] On December 12, 2003, the court issued an order of nolle pros on Counts II and III of the Indictment in Cause No. 03CR-2507. Resp. Ex. A at 9.

B, Ex. D.

Petitioner filed his § 2254 Petition on February 22, 2006.  Doc. 1.  In his § 2254 Petition Petitioner raises the following issues:

**1**.  Petitioner received ineffective assistance of counsel because counsel failed to request a competency hearing.

**2**.  Petitioner received ineffective assistance of counsel because counsel failed to advise him that he would have to serve eighty-five percent of his assault sentences before becoming eligible for parole.

**3**.  Petitioner received ineffective assistance of counsel because counsel promised Petitioner that he would receive probation as a part of his guilty plea.

**4**.  Petitioner received ineffective assistance of counsel because counsel persuaded Petitioner to plead guilty to the assault charges.

**5**.  Petitioner received ineffective assistance of counsel because counsel advised him not to go to the Veterans' Administration Hospital to seek mental health treatment.[2]

Doc. 1; Doc. 11.

## II.
## TIMELINESS, PROCEDURAL DEFAULT and EXHAUSTION ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings.  Sweet v. Delo, 125

---

[2]        As found below, Petitioner has procedurally defaulted the issue which he raises in Ground 5.  See page 9, infra.  Moreover, Petitioner did not allege Ground 5 in his § 2254 Petition. Rather, he stated in his Traverse that he seeks relief on the basis of Ground 5.  Section 2254 requires that the petition "shall specify *all* the grounds for relief which are available to the petitioner." (emphasis added).  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (holding that a habeas petition must specify the grounds upon which relief is sought).  Indeed, a traverse is not a proper means to raise additional grounds for relief.  See Cacoperdo, 37 F.3d at 507.  Thus, Petitioner has not complied with the specificity requirement of § 2254 in regard to Ground 5. The court notes that Petitioner does argue in support of Ground 1 that his counsel did not advise him to seek mental health treatment. To this extent the court will consider the argument raised in Petitioner's Ground 5in conjunction with its consideration of Ground 1 but it will not consider Ground 5 as a separate issue on its own merits.

F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v.

<u>Delo</u>, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" <u>McCoy v. Lockhart</u>, 969 F.2d 649, 651 (8th Cir. 1992 ) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. <u>See</u> <u>Sweet,</u> 125 F.3d at 1152 (citing <u>Schlup</u>, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. <u>See</u> <u>Dretke</u>, 541 U.S. at 393. In <u>Dretke</u>, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." <u>Id.</u> at 393-94. In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." <u>Sweet,</u> 125 F.3d at 1152 n.9 (citing <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." <u>Schlup</u>, 513 U.S. at 327. (emphasis added). Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." <u>Amrine v. Bowersox</u>, 238 F.3d 1023, 1029 (8th Cir. 2001).

It has been held that "novel circumstances and arguments" may constitute cause for failing to excuse procedural default. <u>McKinnon v. Lockhart,</u> 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was

no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833(citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar  must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 404-405.

In Duncan v. Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to consider fully federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." (citing Rose, 455 U.S. at 515-516; Darr, 339 U.S. at 204). The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk

of piecemeal litigation. 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

Petitioner raised the issues of Grounds 3 and 4 in his pro se post-conviction relief motion. He did not raise them in his amended post-conviction relief motion and he did not raise them on appeal. Additionally, Petitioner did not raise Ground 5 as a separate basis for post-conviction relief in either his pro se post-conviction relief motion, in his amended motion, or on appeal although he argued on appeal, in support of Ground 1, that counsel advised him not to seek mental health treatment. See Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994) ("[A] habeas petitioner must have raised both the factual and legal basis for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." See also Evans v. Luebbers, 371 F.3d 438, 441 (8th Cir. 2004), cert. denied, 125 S.Ct. 902 (2005). The court finds, therefore, that Petitioner has procedurally defaulted Grounds 3-5. See Sweet, 125 F.3d at 1149; Abdullah, 75 F.3d at 411. As Petitioner has failed to suggest cause and/or prejudice to excuse this procedural default, the court further finds that Grounds 3-5 should be dismissed. See Coleman, 501 U.S. at 750; Dretke, 541 U.S. at 388-89.

### III.
### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court set forth the

requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The

Court held that "§2254(d)(1) places a new constraint on the power of a federal habeas court to grant

a state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the

merits in the state court." Id. at 412. The Court further held that the writ of habeas corpus may issue

only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of . . . clearly established
> Federal Law, as determined by the Supreme Court of the United
> States." Under the "contrary to" clause, a federal habeas court may
> grant the writ if the state court arrives at a conclusion opposite to that
> reached by this Court on a question of law or if the state court decides
> a case differently than this Court has on a set of materially
> indistinguishable facts. Under the "unreasonable application" clause, a
> federal habeas court may grant the writ if the state court identifies the
> correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

Williams further holds that the writ will not issue merely because the federal court concludes

that the relevant state-court decision erroneously or incorrectly applied clearly established federal law.

See id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland

v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). See also

Siers v. Weber, 259 F.3d 969, 973 (8th Cir. 2001).

The Court further explained in Williams that for a state-court decision to satisfy the "contrary

to" prong of § 2254(d)(1), the state court must apply a rule that "contradicts the governing law as

set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different

from [the Court's] precedent." 529 U.S. at 406. See also Price v. Vincent, 538 U.S. 634, 640 (2003). It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

For a state-court decision to satisfy the "unreasonable application" prong of § 2254(d)(1), the state court decision must "identif[y] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of [a] prisoner's case." Williams, 529 U.S. at 413. See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001). Upon explaining § 2254's legal standard, the Supreme Court held in Penry that "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Id. at 793 (citing Williams, 529 U.S. at 410-11). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." Atley v. Ault, 191 F.3d 865, 871(8th Cir. 1999).

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001). For purposes of federal habeas relief, the state court decision involves an unreasonable determination of the facts in light of the evidence

presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record**."** Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003), cert. denied, 540 U.S. 1059 (2003). See also Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004) ("[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir.2001)."), cert. denied, 125 S.Ct. 670 (Dec. 6, 2004).

The United States Supreme Court has recently defined the circumstances under which a state court reasonably applied federal law as follows:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Cf. Wright v. West, 505 U.S. 277, 308-309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (KENNEDY, J., concurring in judgment).

Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149 (2004)**.**

## IV.
## STANDARD FOR EFFECTIVE ASSISTANCE OF COUNSEL

Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687

(1984)).  The "performance" prong of <u>Strickland</u> requires a showing that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Id.</u> at 690.  To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  <u>Id.</u>

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice.  <u>Id.</u> at 697.  To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 669. The court is not required to "address both components of the [effective assistance of counsel] inquiry if [a  petitioner] makes an insufficient showing on one [component]."  <u>Id.</u> at 697.

Additionally, the court notes that the Court stated in <u>Strickland</u>, 466 U.S. at 688-89, that:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in the American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice 4-1.1 to 4-8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is reasonable, but they are only guides.  No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.  Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. (citation omitted).  ...

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel

was unreasonable. (citation omitted). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." (citation omitted). There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. (citation omitted).

The Supreme Court has specifically held that <u>Strickland</u>'s "two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process. Certainly our justifications for imposing the 'prejudice' requirement in <u>Strickland v. Washington</u> are also relevant in the context of guilty pleas." <u>Hill v. Lockhart</u>, 474 U.S. 53, 57 (1985).

**V.**
**DISCUSSION**

**Ground 1 - Petitioner received ineffective assistance of counsel because counsel failed to request a competency hearing:**

In support of Ground 1 Petitioner argues that his counsel should have requested a hearing to determine his competency to plead guilty and that counsel knew that Petitioner suffered from schizophrenia and other mental problems. Doc. 1 at 6. Petitioner attached to his § 2254 Petition that portion of his appellate brief which addressed the issue of Ground 1. In this brief Petitioner argued that at the time of his guilty plea he was not taking medication to treat his schizophrenia; that he did not exhibit signs of schizophrenia at the time of his guilty plea; that his counsel knew or should have known that Petitioner suffered from schizophrenia because Petitioner told him that he suffered from paranoid schizophrenia, that he had been treated at the VA hospital, and that he was in need of

hospitalization. Petitioner's appellate brief also states that Petitioner's attorney informed the court at Petitioner's sentencing hearing that Petitioner is a diagnosed schizophrenic; that he had been experiencing schizophrenic episodes; and that *counsel told Petitioner not to seek treatment for his mental health problems* because the court might misinterpret Petitioner's motivation for seeking hospitalization.

The Missouri appellate court affirmed the judgment of the motion court in regard to Petitioner's Ground 1 without comment. In regard to both of Petitioner's claims of ineffective assistance of counsel the motion court considered that to be entitled to an evidentiary hearing he was required to "show that the matters complained of resulted in prejudice to him" and concluded that Petitioner was not entitled to a hearing. Resp. Ex. A at 43-44. The court further considered in regard to both claims that Petitioner "testified that he had sufficient opportunity to discuss his cases with his attorney"; that "his attorney did all of the things he asked of him prior to the guilty pleas"; that "he did not want to go to trial"; and that "he was satisfied with the representation by his trial counsel." Resp. Ex. A at 44.

Upon addressing the issue of Ground 1 the motion court held as follows:

> The court finds that Movant's claim that trial counsel was ineffective for failing to investigate an alleged mental disease or defect is without merit. In order to demonstrate that trial counsel was ineffective in failing to investigate an alleged mental disease or defect defense, a movant must show facts indicating a questionable mental basis. Roll v. State, 941 S.W.2d 370, 377 (Mo. 1997). When asked if he was taking any prescription medication, Movant responded "No, I'm not." (Tr. 4, 1. 16-18). When asked if he was suffering from any illness or injury which affected his ability to understand the proceedings at the plea hearing, Movant replied "I'm not." (Tr. 4, 11. 19-22). In the absence of some suggestion of mental instability, there is no duty of counsel to initiate an investigation of the mental condition of the accused. O'Neal v. State, 724 S.W.2d 302, 306 (Mo. App. 1987). The test must be "whether a movant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual

understanding of the proceedings against him." Henderson v. State, 977 S.W.2d 508, 511 (Mo. App. 1998).

[] Movant's allegation that his attorney was ineffective for failing to request a competency exam or hearing is refuted by the evidence preserved at the plea hearing. In reviewing the plea transcript, it appears Movant was alert and lucid at all times during the proceedings, and Movant's answers to questions were responsive and logical, demonstrating a rational and factual understanding of the proceedings, dispelling any notion that he lacked comprehension or was suffering from any mental instability. Movant indicated to the court that he was aware of the charges against him and discussed them with his attorney and fully understood every charge made against him. (Tr. 4, 11. 23-25; 5, 111-15). Movant stated that no one made any promises or threats in order to induce him to plead guilty. (Tr. 10, 11. 2-5). Movant admitted he was in fact guilty of all crimes charged and that he was entering the pleas of guilt voluntarily and of his own free will. (Tr. 13, ll. 16-22).

Resp. Ex. A at 42-43.

The motion court continued to state that:

Having reviewed the transcript and considered the totality of the circumstances of Movant's pleas, the court concludes that the pleas were knowingly, voluntarily and intelligently made. The court also concludes that there is no indication that should have alerted trial counsel that Movant suffered from a mental defect that prevented him from understanding the proceedings against him or to consult rationally with his attorney. The transcript indicated that Movant was responsive, logical, lucid, alert and articulate during the proceedings and that Movant was not suffering forma mental disease or defect affecting his competency to proceed with the plea hearing or sentencing.

Resp. Ex. A at 44.

The motion court concluded in regard to both of Petitioner's claims of ineffective assistance

of counsel that Petitioner had "not demonstrated that trial counsel failed to exercise the customary

skill and diligence of a reasonably competency attorney rendering similar services under the existing

circumstances and conditions of plea." The court further concluded that Petitioner's counsel

"provided effective assistance of counsel" and that Petitioner was not denied any rights under the

United States Constitution. Resp. Ex. A at 44.

As stated above, the Missouri appellate court affirmed the decision of the motion court. This court will, therefore, consider the opinion of the motion court pursuant to Williams. In regard to a claim that a habeas petitioner was denied his constitutional rights because he did not have a competency hearing federal law provides as follows:

> Although an incompetent defendant cannot make a valid guilty plea, see Godinez v. Moran, 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993), Grey Cloud's responses to the court's questions at the plea hearing and defense counsel's statements to the judge indicate that Grey Cloud was competent to enter a plea of guilty. See Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam) (defendant is competent if he "has sufficient presentability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him").

United States v. Grey Cloud, 90 F.3d 322, 323 (8th Cir. 1996).

As further noted by the Eighth Circuit:

> Under Mo.Rev.Stat. § 552.020(2), a competency hearing is required if the trial judge has "reasonable cause to believe that the accused has a mental disease or defect". This standard was held constitutionally sufficient in Drope v. Missouri, 420 U.S. 162, 173, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). No hearing is required, however, where the "information available to the trial court is not sufficient to raise a reasonable or bona fide doubt as to competence." Durham v. Wyrick, 545 F.2d 41, 44 (8th Cir. 1976); United States v. Dworshak, 514 F.2d 716, 718 (8th Cir. 1975).

Harkins v. Wyrick, 552 F.2d 1308, 1311 (8th Cir. 1977).

In regard to a claim of ineffective assistance of counsel based on counsel's failure to request a competency hearing the Eighth Circuit held in Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995), that to prove constitutionally ineffective assistance of counsel a habeas petitioner must show that "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth

Amendment; and (2) his counsel's deficient performance prejudiced his defense." (citing Strickland, 466 U.S. at 687).

As stated above, the Supreme Court held in Strickland that to establish that counsel's performance was constitutionally ineffective, a petitioner must establish both that the attorney's performance was deficient and that this deficiency prejudiced the petitioner's defense. See Strickland, 466 U.S. at 687. The United States Supreme Court further has held that to establish the ineffectiveness of counsel when a guilty plea is entered, a habeas petitioner must show that counsel's representation fell below "an objective standard of reasonableness" and that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "A no-contest guilty plea is valid if 'the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Wilcox v. Hopkins, 249 F.3d 720, 724 (8th Cir. 2001) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

First, this court notes, as stated by the motion court, prior to accepting Petitioner's guilty plea the court asked Petitioner if he was suffering from any illness or injury which would affect his ability to understand what was happening and Petitioner responded that he was not. Resp. Ex. A at 11. The court further asked Petitioner, among other things, whether he understood the charges against him; whether his lawyer explained the charges against him; whether he had told his attorney all of the facts and circumstances surrounding the charges with which he was charged; whether his attorney answered his questions; whether he had been given enough time to discuss his case with his attorney; whether he had any complaints or criticisms of his attorney; whether he believed his attorney had

adequately, completely, and effectively represented him; and whether his attorney had investigated Petitioner's case to his satisfaction. Petitioner responded positively to these questions. Resp. Ex. A at 11-13.

Upon considering the issue of Ground 1, the State court considered that the trial court questioned Petitioner regarding his competency and his understanding of the charges against him and well has the voluntariness of his plea. While the State court did not specifically cite federal law, including Strickland, the State court did conclude that Petitioner's counsel had no reason to request a competency hearing because there was no indication that Petitioner suffered from a mental defect; that Petitioner was not entitled to an evidentiary hearing which required that he establish *prejudice* from counsel's performance; and that Petitioner did not establish that his *counsel did not exercise the skill and diligence of a reasonably competent attorney.* Under such circumstances this court finds that the decision of the State court in regard to Petitioner's allegation of ineffective assistance of counsel in Ground 1is not contrary to federal law and is a reasonable interpretation of federal law. See Strickland, 466 U.S. at 688-89; Wilcox, 249 F.3d at 724; Grey Cloud, 90 F.3d at 323; Auman, 67 F.3d at 162; Harkins, 552 F.2d at 1311.

**Ground 2 - Petitioner received ineffective assistance of counsel because counsel failed to advise him that he would have to serve eighty-five percent of his assault sentences before becoming eligible for parole:**

In support of Ground 2 Petitioner attached his State appellate brief to his § 2254 Petition. In this brief Petitioner argued that his counsel informed him that if he went to trial on the assault and drug charges against him he would likely be acquitted of the assault charges and that he would likely receive probation if he plead guilty to all the charges. Petitioner further argued that had he known that he would be required to serve at least eighty-five percent of the concurrent six-year sentences

he received on the assault charges and had he known that he would have to serve over five years of his six year sentences, he would have insisted on going to trial.

Upon considering the issue raised by Petitioner in Ground 2, the Missouri appellate court affirmed the decision of the motion court which was as follows:

> The court finds that Movant's claim that trial counsel was ineffective because Movant was not advised that he would have to serve at least 85% of his sentence, and therefore, his pleas of guilty were involuntary and unintelligent is without merit. Counsel only has an obligation to inform his client of the direct consequences of a guilty plea and has no duty to inform the client of collateral consequences of pleading guilty. <u>Copas v. State</u>, 15 S.W.3d 49, 55 (Mo. App. 2000). Thus failure to advise a defendant of collateral consequences of a guilty plea is not ineffective assistance of counsel. <u>Id</u>. Information regarding parole eligibility is not among those direct consequences of which a defendant must be informed for a plea to be entered voluntarily and intelligently. <u>Donelson v. State</u>, 34 S.W.3d 827, 830 (Mo. App. 2000); <u>Reynolds v. State</u>, 994 S.W.2d 944, 946 (Mo. 1999). Neither trial counsel or the court has an affirmative obligation to inform the defendant of the parole consequences of a guilty plea. <u>Id.</u> The failure of the court and trial counsel to advise the defendant of factors affecting parole eligibility will not render a guilty plea unintelligent or involuntary. <u>Id</u>. Movant's allegation that his attorney failed to advise him that he would have to serve at least 85% of his sentence on the assault charges, even if true, does not entitle Movant to relief.

As stated above, the motion court also considered that in order to establish that he was entitled to an evidentiary hearing under Missouri law on a claim of ineffective assistance of counsel Petitioner was required establish that he was *prejudiced* by his counsel's performance. As further stated above, the motion court further considered Petitioner's responses to questioning by the court prior to accepting his guilty pleas. The motion court concluded that Petitioner's guilty pleas were entered knowingly, voluntarily, and intelligently and that Petitioner did not demonstrate that his "counsel failed to exercise *the customary skill and diligence of a reasonably competent attorney.*" The court further concluded that Petitioner's counsel "provided effective assistance of counsel" and that Petitioner was not denied his constitutional rights. Resp. Ex. A at 44.

The State appellate court affirmed the decision of the motion court without comment. As such, this court will consider the motion court's decision in regard to the issue raised in Petitioner's Ground 2 pursuant to <u>Williams</u>. In regard to a claim that a habeas petitioner was denied his constitutional rights because he was not informed concerning parole eligibility, the Supreme Court held in <u>Hill</u>, 474 U.S. at 56-57, that:

> We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts. <u>See</u> Fed. Rule Crim. Proc. 11(c); Advisory Committee's Notes on 1974 Amendment to Fed.Rule Crim.Proc. 11, 18 U.S.C. App., p. 22 (federal courts generally are not required to inform defendant about parole eligibility before accepting guilty plea). Instead, petitioner relies entirely on the claim that his plea was "involuntary" as a result of ineffective assistance of counsel because his attorney supplied him with information about parole eligibility that was erroneous. Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." <u>McMann v. Richardson</u>, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As we explained in <u>Tollett v. Henderson</u>, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>." <u>Id.</u>, at 267, 93 S.Ct., at 1608.

While not specifically citing federal law the motion court considered that Petitioner was required to establish that he was *prejudiced* by his counsel's alleged incompetence in order to be entitled to a hearing; that Petitioner was not entitled to a hearing; that Petitioner's counsel was not required to inform him of collateral consequences of Petitioner's pleading guilty; that a defendant does not receive ineffective assistance of counsel because his counsel fails to do so; that failure to receive information prior to pleading guilty regarding parole eligibility does not render a guilty plea involuntary and unintelligent; and that Petitioner's pleas were entered knowingly, voluntarily, and

intelligently. As such, the court finds that the decision of the State court in regard to the issue raised in Petitioner's Ground 2 is not contrary to federal law and that it is a reasonable interpretation of federal law. See Strickland, 466 U.S. at 688-89; Hill, 474 U.S. at 56-57; Wilcox, 249 F.3d at 724. Moreover, the State court reasonably applied federal law to the facts of Petitioner's case. The court finds, therefore, that Petitioner's Ground 2 is without merit and that habeas relief on this basis should be denied.

## VI.
## CONCLUSION

For the reasons stated above, the court finds that Grounds 1-2 in Petitioner's § 2254 Petitioner are without merit. The court further finds that Petitioner has procedurally defaulted Grounds 3-5. The court finds, therefore, Petitioner's § 2254 petition for habeas relief should be dismissed in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED**; [1]

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right

to appeal questions of fact.  <u>See</u> <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990).

<u>/s/Mary Ann L. Medler</u>
MARY ANN L. MEDLER

Dated this <u>31st</u> day of  August, 2006.        UNITED STATES MAGISTRATE JUDGE